ALBERT WELTON, PLAINTIFF IN ERROR, v. THE BOARD OF COMMISSIONERS OF MERRICK COUNTY, DEFENDANT IN ERROR.

1. **Limitations.** Mere want of knowledge of facts, which if known would be sufficient to sustain a cause of action, will not prevent the running of the statute of limitations.

2. **A Voluntary Payment** of taxes cannot be recovered back.

3. **Taxes:** UNPATENTED LANDS. The mere fact that certain railroad lands were unpatented at the time taxes were levied thereon will not authorize the bringing of an action to recover back the taxes so paid.

ERROR to the district court for Merrick county. Tried below before GEORGE W. POST, J.

*Webster & Watson* (*James E. Philpott* with them), for plaintiff in error.

*A. Ewing,* for defendant in error.

MAXWELL, J.

In July, 1876, the plaintiff paid taxes due for 1875 on certain real estate owned by him in Merrick county, the aggregate amount being the sum of $161.92. In 1881 or 1882—the date does not appear—the plaintiff filed a claim for the repayment of the taxes in question with the board of county commissioners of Merrick county. The board refused to allow the claim, and the plaintiff appealed to the district court, which sustained a demurrer to the petition, and dismissed the action. The judgment of the district court is now assigned for error.

I.   The allegations of the petition as to the illegality of the tax are as follows: "Your petitioner would further represent that said assessment and tax were erroneous and illegal for the following reasons, to-wit: that said land was at the time of said assessment and levy of tax unpatented railroad lands, and not subject to taxation; that your petitioner was not aware of the illegality of said taxes at the time payment was made, nor did he have knowledge of their illegality prior to the 1st day of December, 1881."

It is very clear that there is no error in the ruling of the court below.   Even if a cause of action had existed in favor of the plaintiff upon the payment of the taxes in controversy, it was barred by the statute of limitations. If a party with ordinary care and attention could have detected even fraud, he will be charged with actual knowledge of it; that is, the mere fact that a party is not aware of the existence of certain matters, where there is no concealment, will not prevent the running of the statute of limitations.   Angell on Lim., § 187.   But in this case there is no pretense of fraud.

II.   The payment was purely voluntary.   The case clearly falls within that of *Foster v. Pierce County,* 15 Neb., 48.

III.   There is no allegation that the railroad company was not in fact the owner of the land at the time it sold the same to the plaintiff, or that the plaintiff is not the owner.   The fact that the railroad company had failed to receive a patent for the land, provided it was the actual owner thereof, would not exempt the land from taxation.

All property within the state not specifically excepted in the constitution is subject to taxation, and a party who claims that his property is exempt must bring himself within the exceptions.   As there is an entire failure to do this, the judgment must be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.