FREMONT, E. & M. V. R. Co. v. HOLT COUNTY.

[FILED FEBRUARY 18, 1890.]

1. **Taxes:** PAYMENT: OFFICER NOT AUTHORIZED TO COLLECT.
   Before the organization of Brown county it was attached to Holt county for election, judicial, and revenue purposes, and in June, 1883, Holt county levied taxes upon all property in Brown county.   Before such taxes became due, however, viz., September, 1883, Brown county was duly organized and elected county officers and thereafter transacted county business at the county seat of the latter county, and the authority of Holt county over it wholly ceased.   The taxes upon the plaintiff's property, however, were carried on its tax rolls, although a copy thereof of property in Brown county had been obtained by the duly elected

officers of that county. When the taxes on the plaintiff's property became due they were paid to the treasurer of Holt county, who placed the same in the county treasury. In an action to recover back such taxes, *held*, from the statement of facts in the petition, that the payment was made to a public officer under color of his office, but whose authority to collect the taxes in question had ceased, and that the money so paid could be recovered back.

2. ———: ———. The question of a voluntary payment of illegal or doubtful taxes does not arise in the case.

ERROR to the district court for Antelope county. Tried below before POWERS, J.

*John B. Hawley*, for plaintiff in error:

The money sued for belonged to Brown county, not to Holt. (*F., E. & M. V. R. Co. v. Brown County*, 18 Neb., 518.) A distinction is to be made between an irregular tax and one absolutely illegal. The tax in this case was illegal. (*F., E. & M. V. R. Co. v. Brown County*, *supra.*) Its payment was not voluntary (*Foster v. Pierce County*, 15 Neb., 50; *Roberts v. Adams County*, 20 Id., 411); and may be recovered back (*Mayor, etc., v. Riker*, 38 N. J. L., 225; *Peyser v. Mayor*, 70 N. Y., 497). Sec. 144, ch. 77, Comp. Stats., providing that illegal taxes may be enjoined, in no way impairs the right to recover after payment.

*E. W. Adams* and *M. F. Harrington*, contra:

Taxes paid on an illegal demand may be recovered back only when payment was made through fraud, duress, or mistake of fact. (*U. P. R. Co. v. Dodge County*, 98 U. S., 543; *Phillips v. Jefferson County*, 5 Kan., 415; *Wabaunsee County v. Walker*, 8 Id., 431; *Elston v. Chicago*, 40 Ill., 514; *Benson v. Monroe*, 7 Cush. [Mass.], 125; *Clarke v. Dutcher*, 9 Cow. [N. Y.], 674; *Mays v. Cincinnati*, 1 Ohio St., 268; *Powell v. Board, etc.*, 46 Wis., 212.) In *F., E. & M. V. R. Co. v. Brown County* defendant in error was not a party and is not bound by the *dicta* in that case. In

the Nebraska cases cited, by counsel for plaintiff in error, all that is said is that taxes paid under a mistake of fact may sometimes be recovered. In the other cases cited, the assessments were void, which was not true here. The company's mistake was as to who was entitled to receive payment, which was a mistake of fact—not of law.

MAXWELL, J.

This is an action against Holt county to recover the sum of $2,892.26 taxes paid under a mistake. A demurrer to the petition was sustained in the court below and the action dismissed. It is alleged in the petition, in substance, that prior to September, 1883, Brown county was attached to Holt county for election, judicial, and revenue purposes.

"That in pursuance of the provisions of section 40 of said statute last aforesaid, after said return was made by the plaintiff to the auditor of public accounts, the state board of equalization of said state of Nebraska returned and assessed the value per mile of said railroad of plaintiff so returned to said auditor; and on or before the 15th day of May, 1883, the said auditor certified to the clerk of the said county of Holt the assessment per mile of said state board on said railroad, and the said mileage of said railroad in said Holt county and in said territory which now comprises the county of Brown, and said assessment of said railroad in Holt county and in the territory now comprising the county of Brown was received by said county clerk of Holt county from said state authorities for taxation, the said territory embraced in what is now the county of Brown being then still attached to Holt county for revenue purposes.

"That the county commissioners of the county of Holt, on the 14th day of June, 1883, and while the said county of Brown was still attached to said county of Holt for revenue purposes and unorganized, duly levied taxes upon all of the taxable property in said county of Holt, and upon

all of the taxable property included in said territory, which now comprises the county of Brown, including taxes upon the assessment made by the state board upon plaintiff's railroad in said county of Holt, and in said territory now comprising the county of Brown, and all assessments made for the year 1883, upon all property for taxation in Holt county and in the territory now embraced in the county of Brown (excepting the plaintiff's said railroad assessed by said state board), were made by assessors elected or appointed in said Holt county.

"· That the said county commissioners of the county of Holt, in making said levy of taxes for the year 1883, levied a state tax of $6\frac{7}{8}$ mills, a county tax of 14 mills, and school taxes (certified up to the county clerk of Holt county by the several district boards), upon the assessed valuation of the plaintiff's road in Holt county, and in the territory attached thereto as Brown county, as well as on all other taxable property therein; that the total county taxes thus levied by the county commissioners of Holt county on the assessed valuation of plaintiff's railroad in said territory now comprising the county of Brown amounted to the sum of $2,892.26; that the said county taxes thus levied by the commissioners of Holt county on the plaintiff's railroad in the territory now embraced in Brown county were carried out on the tax books of Holt county against said plaintiff's property, and the same delivered to the treasurer of said Holt county for collection as by law provided, with the warrant thereto signed by the county clerk of said county, commanding the treasurer of said county of Holt to collect the same as by law provided.

"That on or about the 24th day of April, 1884, the said county taxes so levied by the county of Holt on the plaintiff's said property in the county of Holt, and in the territory now comprising the county of Brown, being due, the said tax tax lists being in the hands of the treasurer of said Holt county for collection, the plaintiff paid into the treas-

ury of Holt county on said day, in good faith, said taxes so levied upon the said railroad in Holt county, and in said territory now embraced in the county of Brown, and paid all taxes assessed and levied on its property for the year, in said territory aforesaid, and received a receipt from said treasurer of Holt county therefor; that the county authorities of Brown county never at any time levied any taxes whatever upon any property in said county of Brown for the year 1883, and never levied any tax for said year on said railroad of plaintiff in said county of Brown, and said county of Brown was not organized at the time when by law the counties in said state of Nebraska are required to levy the taxes, but the taxes on all the property subject to taxation in said territory now comprising the county of Brown were levied by the proper authorities of Holt county.

"That immediately after the permanent organization of said Brown county, and in the month of August or September, 1883, the county clerk of said county of Brown obtained from the tax books of Holt county a transcript of the said tax list or tax roll for the said year 1883, of all the taxable property within said Brown county, including the said property and railroad of this plaintiff, and filed the same in the office of the treasurer of said county; the said tax list being the taxes levied and carried out on plaintiff's property by the county authorties of Holt county aforesaid."

In *Welton v. Merrick County*, 16 Neb., 83, it was held that a voluntary payment of taxes cannot be recovered back, and, therefore, where certain railroad lands purchased by the plaintiff were not patented when the taxes were levied thereon, it did not authorize the bringing of an action to recover back such taxes; in other words, the railway company was the equitable owner of the lands, having constructed the railroad as required by the act of congress, and

done everything entitling it to a full title to such lands except to pay certain expenses in entering the same.

Justice seemed to require that the lands should be taxed and no mere technical objection should be permitted to defeat that right. A purchaser, therefore, who voluntarily paid taxes thereon, in effect admitted the justness of the taxes, and having paid the same, would be concluded by his act.

In *Foster v. Pierce County*, 15 Neb., 48, and *Bates v. York County*, Id., 284, it was held that taxes voluntarily paid could not be recovered back, and those cases, in our view, state the law correctly and will be adhered to.

They have no application, however, to the case at bar.

If the facts stated in the petition are true, Holt county, in 1883, acting under authority conferred on it by statute, levied taxes on the plaintiff's property in Brown county, but before the time to pay such taxes had arrived, Brown county was duly organized and had elected officers, including a treasurer to transact its business, and was, in fact, transacting its own business. This being so, the authority of Holt county over the affairs of Brown county had wholly ceased. (*F., E. & M. V. R. Co. v. Brown Co.*, 18 Neb., 525; *Morse v. Hitchcock Co.*, 19 Id., 567.) The case, therefore, is like that where payment has been made to an agent whose authority had ceased. Such payment in an ordinary case cannot be pleaded as a defense, and was not such of the taxes in question.

The rule is well settled that money obtained from third persons by public officers illegally but under color of office may be recovered back. Here the treasurer of Holt county had apparent authority to collect the taxes in question, although such power had in fact ceased.

Acting upon this apparent authority he collected the taxes in question and applied them to the use of Holt county. It is not a case where the taxes themselves were illegal or even questionable, but where an officer, whose power had

ceased, by virtue of his office collected and applied the taxes in question to the benefit of Holt county (Story on Agency, sec. 307; *Barnes v. Foley*, 5 Burr. [Eng.], 2711; *Frye v. Lockwood*, 4 Cowen, [N. Y.], 454; *Tracy v. Swartwout*, 10 Pet. [U. S.], 80; *Elliott v. Swartwout*, Id., 137; *Ripley v. Gelston*, 9 Johns. [N. Y.], 201); and it will not prevent a recovery that the payment was made under a misconception or a misconstruction of the law by both or either of the parties (Story on Agency, sec. 307; *Barnes v. Foley*, 5 Burr., 2711; *Tracy v. Swartwout*, 10 Pet., 80; *Elliott v. Swartwout*, Id., 137; *Ripley v. Gelston*, 9 Johns., 201). The petition therefore states a cause of action which entitles the plaintiff to the relief prayed for.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.