Dixon County v. Beardshear.

---

DIXON COUNTY v. HUGH BEARDSHEAR.

FILED NOVEMBER 21, 1893.    No. 5323.

Voluntary Payment of Illegal Taxes: RECOVERY. Where one pays an illegal demand for taxes with full knowledge of the facts which render such demand illegal, without any urgent necessity therefor, such as the threatened immediate seizure or sale of his property, such payment will be deemed voluntary and cannot be recovered in an action at law.

ERROR from the district court of Dixon county. Tried below before NORRIS, J.

J. J. McCarthy, for plaintiff in error.

A. G. Kingsbury, contra.

POST, J.

The defendant in error recovered judgment against Dixon county, in the district court for said county, on the 24th day of November, 1891, for the sum of $140.18 and costs, which we are asked to reverse for reasons which will be hereafter noticed.

In the petition of the plaintiff below it is alleged that he was, on the 2d day of December, 1885, the owner of eighty

acres of land in said county, which is fully described, and had paid and satisfied all taxes previously assessed against the same; that on the day last named he learned that his said land had been sold for taxes claimed to be delinquent for previous years, and offered to redeem the same from such sale, when he was informed by the county treasurer that one forty-acre tract thereof only had been sold, whereupon he paid to said treasurer the sum of $8.77 to redeem said land from such pretended sale; that on the 4th day of January, 1886, the said treasurer, in fraud of the rights of the plaintiff, executed and delivered to one Jones a deed for all of said land, including the forty acres previously redeemed by him; that on the 24th day of August, 1886, in order to remove the cloud upon his title by reason of the aforesaid treasurer's deed, he was compelled to, and did, pay to said Jones, the grantee named therein, the sum of $67, and on the 12th day of March, 1887, he was compelled to bring an action against said Jones in the district court of the defendant county to remove said cloud from his title, in which it was found that he had fully paid all taxes for the years named in the said deed, and a decree entered in accordance with the proofs of his petition, except that he was taxed with the costs of said action, amounting to $3.35, which he has paid in full; and that in addition thereto he was compelled to pay the sum of $15 as attorney's fees. It is further alleged "that on the 29th day of December, 1891, he paid to the treasurer of said county for said defendant a personal tax for that year amounting to $1.90 when paid; that he had before that time paid the said tax to the treasurer of said county, but the treasurer thereof illegally and wrongfully claimed that said tax had not been paid and compelled him to pay the same a second time, as before said." He asks judgment for the amount of the above payments, with interest. His claim more fully appears from the following statement attached to the petition:

THE COUNTY OF DIXON,

In account with H. BEARDSHEAR, Dr.

| | | |
|---|---:|---:|
| December 2, 1885, paid county treasurer for redemption certificate | $8 | 77 |
| Interest to July 12, 1889 | 3 | 17 |
| August 24, 1886, give H. B. Dewitt, for J. W. Jones' tax title | 67 | 00 |
| Interest to July 12, 1889 | 19 | 39 |
| March 12, 1887, paid docket fee, $2; March 19, sheriff's fee, 85 cents | 2 | 85 |
| Interest to July 12, 1889 | | 66 |
| April 4, 1888, paid attorney fee | 15 | 00 |
| Interest to July 12, 1889 | 1 | 91 |
| December 5, 1888, paid for copy of district court decision | | 50 |
| December 29, 1881, paid personal property tax that I had paid the same year | 1 | 90 |
| Interest to July 12, 1889 | 1 | 33 |
| Total | $122 | 58 |

To the petition a demurrer was interposed and overruled; to which ruling the county excepted and refused to plead further, whereupon judgment was entered for the plaintiff therein for the full amount claimed. The ground of the demurrer is that the payments alleged were voluntary and made without threat of seizure or sale of the property of the defendant in error to satisfy the taxes in question. That position of the county is certainly in accord with decisions in this state. (See *Foster v. Pierce County*, 15 Neb., 48; *Welton v. Merrick County*, 16 Neb., 83; *Baker v. City of Fairbury*, 33 Neb., 674.) And we understand the rulings of this court to be in harmony with the great majority of cases in the state and federal courts. For instance, in *Union P. R. Co. v. Dodge County*, 98 U. S., 541, which involved a construction of the revenue law of this state, Chief Justice Waite observes that the law is correctly stated in the following quotations from *Wabaunsee County*

*v. Walker*, 8 Kan., 431: "Where a party pays an illegal demand with a full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, or unless to release his person or property from detention, or to prevent an immediate seizure of his person or property, such payment must be deemed voluntary and cannot be recovered back; and the fact that the party at the time of making the payment files a written protest does not make the payment involuntary." (See also *Ligonier v. Ackerman*, 46 Ind., 552; *Morris v. Mayor*, 5 Gill [Md.], 244; *Goddard v. Seymour*, 30 Conn., 394; *Garrigan v. Knight*, 47 Ia., 525; *Powell v. St. Croix County*, 46 Wis., 210.) The money sued for having been voluntarily paid, within the meaning of the authorities cited, it follows that it cannot be recovered from the county, and that the judgment of the district court should be

REVERSED.