PEDERSON, Respondent, v. STANLEY COUNTY, Appellant.

(149 N. W. 422.)

**Taxation—Taxes Imposed by Wrong County—Recovery Back—Voluntary Payment, Immateriality of.**

> The rule that taxes voluntarily paid cannot be recovered does not apply to taxes unlawfully imposed by a county against lands in another county; since the county imposing such taxes is wholly without jurisdiction or authority to levy them. So **held**, where two counties had claimed the land in question, and plaintiff, seeking to recover back such taxes, had previously paid taxes in both counties during the years in question.

(Opinion filed November 24, 1914.)

Appeal from Circuit Court, Stanley County. Hon. JOHN F. HUGHES, Judge.

Action by Peder N. Pederson against Stanley County, to recover back taxes paid by him upon lands afterwards found to be in another county. From a judgment for plaintiff, defendant appeals. Affirmed.

*F. W. Lambert,* State's Attorney, for Appellant.

*Johnson, Brown & Johnson,* for Respondent.

Appellant cited:

Monographic notes to New Orleans, etc., Co. v. Louisiana, etc., Co., 94 Am. St. Rep. 395-444; Clark v. Board of County Commissioners, 66 Minn. 304; Babcock v. Fondulac, 58 Wis. 230; American Investment Company v. Thayer, County Treasurer, 7 S. D. 72.

Respondent cited:

People v. McCreery, 34 Cal. 432-454; Fremont et al. v. Holt Co., 45 N. W. 163; Railroad Co. v. Brown Co., 18 Nebr. 525, 26 N. W. Rep. 194; Morse v. Hitchcock Co., 19 Nebr. 567, 27 N. W. Rep. 637; Henry v. Town of Chester, 15 Ver. 460; Newman v. Board of Supervisors of Livingston County, 45 N. Y. 674;

Wolley v. Stalley, 39 Ohio, 354; City of Indiana v. McAvoy, 86 Ind. 587; Genoway v. Baricklow, 203 Ill. 410.

McCOY, J.   It appears from the record that lands of respondent were situated on a strip of land at one time claimed to be in both Lyman and Stanley counties.   By a decision of this court (Collins v. Lyman County, 30 S. D. 104, 137 N. W. 600), it was held that this strip of land was in and belonged to Lyman county.   Prior to the rendering of this decision respondent had paid taxes in both counties.   After decision in the Collins Case respondent filed and presented a claim or petition to the board of county commissioners of Stanley county praying for a return of the taxes paid by him to Stanley county, which claim was by Stanley county rejected, and an appeal was taken to the circuit court, where findings and judgment were rendered in favor of respondent for a recovery of the sums, with interest paid to Stanley county during the years for which respondent paid taxes on said lands in Lyman county.   From this decision and judgment, Stanley county appeals.

It is the contention of appellant that under the general rule that taxes voluntarily paid cannot be recovered the respondent was not entitled to recover a judgment for the said amounts so paid to Stanley county.   We are of the view that the said rule has no application to the facts of this case.   The property of respondent was wholly outside of the taxing jurisdiction or taxing district of Stanley county, and was therefore not taxable at all in that county, and the amounts so paid by respondent to said Stanley county were in fact not a tax at all.   Stanley county was wholly without jurisdiction or authority to levy and collect such sums as a tax against the property of respondent.   Herein lies the distinction between this case and the cases of Miner v. Clifton Township, 30 S. D. 137, 137 N. W. 585, and Fremont et al. v. Holt County, 28 Neb. 742, 45 N. W. 163.

The judgment and order appealed from are affirmed.