BLACK BROTHERS, APPELLANTS, v. LOGAN COUNTY, APPELLEE.

FILED DECEMBER 9, 1916. No. 19081.

Taxation: RECOVERY OF PAYMENT. Taxes paid cannot be recovered back on the ground that the property of the tax-debtor had been twice assessed, where the tax receipt neither shows payment under protest nor any ground of protest. Rev. St. 1913, sec. 6491.

APPEAL from the district court for Logan county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Thomas F. Hamer* and *Frank O. Divisek,* for appellants.

*W. E. Hill* and *B. F. Johnson, contra.*

ROSE, J.

This is a proceeding to recover from Logan county $163.19 paid by plaintiffs as taxes on personal property alleged to have been legally assessed in Thomas county, where the valid taxes are said to have been paid. The tax receipt issued by the treasurer of Logan county, considered as part of plaintiffs' claim, did not show payment under protest or any ground of protest. The trial court sustained a demurrer to the petition. Plaintiffs refused to plead further, and from a judgment of dismissal they have appealed.

Was the demurrer properly sustained? Referring to the right of a tax-debtor to pay taxes under protest, the revenue law provides:

"If such person claim a tax, or any part thereof, to be invalid for the reason that the property upon which it was levied was not liable to taxation, or that the property has been twice assessed in the same year and taxes paid thereon, he may pay such taxes under protest to the county treasurer, or other proper authority, and it shall be the duty of the treasurer, or other proper authority receiving such tax, to give a receipt therefor stating thereon that they were paid under protest, and the grounds of such protest, whether or not taxable or twice assessed, and taxes paid thereon." Rev. St. 1913, sec. 6491.

The tax receipt is a part of the tax-debtor's claim for taxes paid under protest, and is made so by a statute declaring:

"Within thirty days after paying such taxes the person paying them shall file a statement in writing, duly verified, with the county board, setting forth the amount of tax paid under protest, the grounds of such protest, and shall attach thereto the receipt taken for said taxes." Rev. St. 1913, sec. 6491.

Plaintiffs contend that these provisions are merely directory, and that the treasurer's failure to comply with them does not affect the remedy of the taxpayer. This construction would in a measure defeat the purpose of the lawmakers. Taxes essential to county government are generally collected in small amounts from many tax-debtors. The collection of revenue involves many transactions which are not committed to the memory of county officers or taxpayers. Prompt payment is an essential feature of the revenue system. In absence of statute, taxes voluntarily paid cannot be recovered back. The statute creates a remedy, but requires prompt payment under protest, leaving for future determination questions relating to invalidity of taxes. The legislature intended to make the receipt for taxes paid under protest evidence of the protest and of the

grounds thereof. This is a method of pointing out the items of taxes assailed as invalid, and of giving timely notice to public officers to prepare for a defense, if any. The duty of a treasurer to note on the tax receipt a payment made under protest and the grounds thereof is a reasonable one and he cannot successfully resist a proper demand for its performance. To require a taxpayer to see that the steps essential to his statutory right to recover back illegal taxes paid are taken is not exacting too much. The statute thus construed is a protection to the taxpayer as well as to the public. In this view of the revenue law, the demurrer was properly sustained.

AFFIRMED.

HAMER, J., not sitting.