CAMPBELL, et al, Appellants, v. SMITH, et al, Respondents.

(227 N. W. 383.)

(File No. 6594. Opinion filed November 8, 1929.)

*Buchholz & Richards,* of Newell, and *J. M. Armstrong,* of Belle Fourche, for Appellants.

*Dan McCutchen,* of Belle Fourche, for Respondents Smith and others.

*C. P. Seward,* of Belle Fourche, for Butte County.

BURCH, J. Plaintiffs sue to cancel real estate taxes assessed against a tract of land within the Belle Fourche reclamation project in Butte county. The land was homesteaded by O. E. Farnham and on the 16th of October, 1916, he made final proof as to residence, cultivation, and improvement under the Homestead Law (43 USCA § 161 et seq.), and this proof was accepted by the General Land Office, but he did not receive a final certificate and was not entitled to such certificate until full compliance with the terms of the act creating the irrigation district. Before receiving a final certificate or patent it was necessary to make proof that at least one-half of the irrigable portion of the land had been reclaimed, and that all charges, fees, and commissions due on account thereof and all water right charges had been paid to the proper receiving officer of the government. Provided that if the entryman desired a patent before all the water right charges assessed against the land had been paid in full, he might receive a patent upon proof of reclamation and payment of all water right charges due at the date of the patent; the government to retain a lien upon the land for all unpaid charges as provided by the Act of Congress of August 9, 1912, 37 Stat. 265 (43 USCA §§ 541-546). Farnham at no time made the final proof required under the reclamation act, but he did,

after making the homestead proof, list the land for taxation and paid taxes thereon for a number of years. The taxes sought to be canceled in this action are no part of those paid, but cover those levied and assessed for the years 1920 to 1925, inclusive. The trial court found that for and during the years of 1920 to 1925, although neither Farnham nor his assignees had made the final proof required under the reclamation act, that they had complied with all of the requirements of the act and were entitled to and could have made the final proof and received a patent to the land. Plaintiffs are successors in interest to Farnham.

Upon these facts the trial court concluded that plaintiffs were the equitable owners of the land, and that the land was subject to taxation during the years for which taxes were assesseed and therefore rendered judgment confirming the validity of such taxes. Plaintiffs appeal from the judgment and an order overruling a motion for new trial.

The principal issue involved in this case, namely, the liability of the land to taxation, is settled by the decision of this court in the case of Casey v. Butte County, 52 S. D. 334, 217 N. W. 508. See, also, Irwin v. Wright, 258 U. S. 219, 42 S. Ct. 293, 66 L. Ed. 573, where the identical question was considered and decided adversely to the contentions of respondents herein. On the authority of these cases the judgment and order of the trial court must be reversed, unless as is urged appellants are estopped to deny the validity of the tax.

Respondents contend that because Farnham voluntarily listed the land for taxes and paid taxes thereon for a number of years, and because neither he nor his successors in interest thereafter objected to the taxation of the land and failed to take any action to prevent its taxation for the years complained of, they have been guilty of laches and have by such action permitted the county of Butte to tax the land, sell the land at the annual tax sale, collect therefor and to distribute a portion of the taxes so collected to the state, school districts, and other divisions entitled to receive taxes collected by the county, and thereby appellants are estopped to now complain or object to the collection thereof as a valid tax.

Appellants do not seek to recover any portion of the tax paid. They confine their action to relief from the taxes illegally assessed and not paid. There are no principles of equity to support an

estoppel in pais. The county officials were as much bound to know, and in as good a position to know, that the land was not taxable as were appellants. It is not claimed there was any active fraud or deceit practiced. · Mere failure to object to the illegal acts of the county where there was no duty to speak cannot constitute a fraud. The argument is that by voluntarily listing the land and paying taxes for a time the taxing officers were deceived and led to believe they might continue the practice, and, being so deceived by appellants' conduct, they acted to the injury of the county. To hold that such conduct worked an estoppel would be to say that one may not object to a second trespass upon his rights because he submitted to a first without objection and thereby threw the trespasser off his guard leading him to believe he had a passive victim who would never object. That cannot be the law.

The trial court erred in confirming the taxes, and the judgment and order appealed from are reversed, with direction to the trial court to render judgment canceling the taxes and quieting the title in appellants as against such taxes.

There is an issue between the defendant county and defendant Smith which has not been determined and which we do not at this time decide. The land was sold for taxes for the years 1920, 1921, and 1922 by the county treasurer, and tax sale certificates were issued to O. L. Branson & Co., bankers of Mitchell, S. D. This bank is now insolvent and in the hands of defendant Smith, superintendent of banks, for liquidation. In Smith's answer he asks for judgment against the county for the amount of the certificates in the event that the taxes are held to be void. The result in the trial court disposed of the case without decision on the respective rights of the defendants. The result in this court now presents the respective rights of the defendants for adjudication. We express no opinion as to the right of Smith to have the certificates redeemed by the county, but remand the case to the trial court for further appropriate proceeding to adjudicate this issue.

Reversed and remanded.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BROWN, JJ., concur.