HEACOCK, Appellant, v. TRIPP COUNTY, Respondent.

(244 N. W. 887.)

(File No. 7468. Opinion filed November 1, 1932.)

*Joseph Coursey,* of Rapid City, for Appellant.

*J. L. Hannett,* of Winner, for Respondent.

CAMPBELL, P. J. Plaintiff is a member of the Rosebud Sioux Tribe of Indians. Certain land was allotted to her in what is now Tripp county, S. D., and on August 24, 1908, a trust patent for said allotment was issued to plaintiff, pursuant to the provisions of sections 5 and 6, ch. 119, Act of Congress of Feb. 8, 1887, as amended (25 USCA §§ 348, 349)'. On December 21, 1917, the government of the United States, without application of plaintiff, issued to her an unrestricted fee-simple patent covering the allotment in question. Under date of May 9, 1929, the government of the United States, through the Secretary of the Interior, issued an order canceling the fee patent previously issued and delivered to plaintiff. Such action on the part of the Secretary was apparently intended to be pursuant to chapter 215, Act of Feb. 26, 1927, 44 Stat. at Large, 1247 (25 USCA § 352a) reading as follows: "The Secretary of the Interior is hereby authorized, in his discretion, to cancel any patent in fee simple issued to an Indian allottee or to his heirs before the end of the period of trust described in the original or trust patent issued to such allottee, or before the expiration of any extension of such period of trust by the President, where such patent in fee simple was issued without the consent or

an application therefor by the allottee or by his heirs Provided, That the patentee has not mortgaged or sold any part of the land described in such patent: Provided also, That upon cancellation of such patent in fee simple the land shall have the same status as though such fee patent had never been issued."

Upon the issuance of the fee-simple patent in December, 1917, plaintiff accepted and received the same, and herself filed it for record in the office of the register of deeds of Tripp county, S. D., on February 4, 1918. Thereupon the land was placed upon the tax records of Tripp county by the authorities thereof, and duly assessed for taxation and taxes levied thereon. The land was sold at tax sale for the tax for the year 1918, and plaintiff redeemed from such sale. Plaintiff voluntarily paid the taxes on said land without protest for the years 1919, 1920, 1921, 1922, 1923, 1924, and 1925. The defendant county raises no question in this case as to the validity of the cancellation order of the Secretary of the Interior issued May 9, 1929, purporting to cancel the fee patent to the realty in question; asserts no right in this proceeding to tax said realty at the present time; and asserts no right to collect taxes upon the realty for the year 1926 and subsequent years. In June, 1929, plaintiff made application to the board of county commissioners of Tripp county, under section 6813, Rev. Code 1919, for the refund of the taxes paid by her upon the realty in question for the years 1918 to 1925, inclusive, aggregating $959. This application being rejected by the commissioners, plaintiff appealed to the circuit court, where findings, conclusions, and judgment were in favor of the defendant county, and plaintiff has again appealed to this court.

It is to be observed that the sole question at issue is appellant's right to the refund which she claims. No question is made whether appellant, after accepting her fee patent and recording the same, was within the provisions of the act of February 26, 1927, above quoted, authorizing cancellation when the fee-simple patent "was issued without the consent or an application therefor by the allottee." The instant case is distinguishable from Campbell v. Smith (1929) 56 S. D. 35, 227 N. W. 383, in that the relief sought here is refund of taxes voluntarily paid, and not relief from taxes claimed to be illegally assessed and not yet paid. The instant case is distinguishable from federal cases cited and relied upon by ap-

pellant by reason of the fact that appellant voluntarily and freely accepted her fee patent when it issued and filed the same for record herself, and paid the taxes voluntarily and without protest. Neither is the instant case in any respect parallel to United States v. Dewey County, S. D. (D. C. 1926) 14 F. (2d) 784; Dewey County, S. D., v. United States (C. C. A. 1928) 26 F. (2d) 434, where the government, in behalf of its Indian wards, brought an action for the recovery of personal property taxes unlawfully levied, assessed, and collected on government issued personalty. The instant case is also plainly distinguishable from Pederson v. Stanley County (1914) 34 S. D. 560, 149 N. W. 422, in that the realty in question in this case was at all times within the physical boundaries of Tripp county. Appellant relies herein upon the third subdivision of section 6813, Rev. Code 1919, which provides for the refund of taxes paid "when the complainant or the property is exempt from the tax." We do not think that the question of whether voluntary payment of taxes would deprive appellant of the benefit of this statute is reached in this case, because, under the circumstances of this case, we do not think it can be said that the property during the period involved was exempt from tax. The federal statute in effect at the time appellant's trust patent was issued provided that fee patent might issue under certain circumstances prior to the expiration of the twenty-five year trust period, and specifically provided that when a fee patent did issue, " * * * all restrictions as to sale, incumbrance, or taxation of said land shall be removed. * * *" In this case a fee patent did issue. Whether the fee patent ought to have issued, and whether the Secretary of the Interior acted properly in subsequently canceling it in 1929, are questions not raised in this case. The fact remains that the fee patent did issue from the proper source and was accepted by appellant and filed for record by her. When those things transpired, the land became taxable and continued taxable, we think, at least until the cancellation of the fee patent, which was several years subsequent to the levy and payment of the 1925 tax.

We are of the opinion that appellant has failed to establish any case for the refund of the taxes voluntarily paid by her under the circumstances above set out, and the judgment appealed from is therefore affirmed.

All the Judges concur.