RIGGS-ORR INVESTMENT COMPANY, APPELLEE, V. CITY OF OMAHA ET AL., APPELLANTS.

FILED APRIL 10, 1936. No. 29606.

*Seymour L. Smith, Frank H. Woodland, Harold C. Linahan* and *W. W. Wenstrand,* for appellants.

*James C. Kinsler* and *A. Marvin Lungren, contra.*

Heard before GOSS, C. J., DAY and CARTER, JJ., and ELDRED and TEWELL, District Judges.

GOSS, C. J.

Defendants city of Omaha and School District of the city of Omaha appeal from judgments against them for separate amounts.

Plaintiff was the owner of a tract at the northwest corner of Harney and Twentieth streets in Omaha, fronting south on Harney street 95 feet and east on Twentieth street 132 feet. In April, 1926, the county assessor duly assessed the entire tract, and in August, 1926, the taxes on the tract were duly levied, with certain portions thereof for the 1927 taxes for the city and the school district.

On March 30, 1926, the city passed an ordinance declaring the necessity of widening Twentieth street from Dodge to Leavenworth street. The ordinance contemplated taking the east 40 feet of plaintiff's tract, which was finally done. In April, 1926, appraisers were appointed. On August 3, 1926, the appraisers reported in writing and on September 28, 1926, their report was approved.

It is alleged in the petition filed February 13, 1931, that the 40 feet in width thereupon became nontaxable property; that on June 11, 1927, the *ex officio* city treasurer (who was a party here but against whom no personal judgment was rendered) represented to plaintiff that it was liable for taxes on the whole tract, demanded and received from plaintiff the full amount of the taxes levied against the 95 by 132 tract, notwithstanding the east 40 feet had been appropriated and had become a part of Twentieth street, and the property of the city. Plaintiff prayed judgment for forty ninety-fifths of the total tax paid.

In its answer the city alleges that plaintiff appeared before the appraisers, submitted its claim for damages, appealed from the action of the city council in approving the report of the appraisers and in appropriating the property; that plaintiff knew when it paid the taxes that the property had been appropriated, but paid the taxes with full knowledge and voluntarily; and that after paying the taxes plaintiff for more than three years failed to seek a return and is therefore estopped to demand a return and to maintain this action.

Defendant school district makes about the same answer as the city. It pleads estoppel and laches. It pleads, also, that no demand had been made upon it prior to the commencement of the suit and that the taxes were paid voluntarily before they were delinquent.

Plaintiff moved for judgments on the pleadings and the motion was sustained. Judgment was against the city for $644.61, against the school district for $768.83, and against the Metropolitan Utilities District for $37.44. The last named defendant did not appeal.

Do the pleadings show that the payment of the taxes on the 40 feet of the tract taken over by the city on September 28, 1926, was voluntary? The brief of appellee prints a memorandum opinion said to have been furnished by the trial judge to both parties at the time the judgment below was rendered. That memorandum argues that the tax had been levied on the whole 95 feet and that the city treasurer had no authority to determine how much was attributable to the east 40 feet and how much to the west 55 feet; while the tax was not paid under protest, the facts do not bring the case within any of the statutory provisions for the recovery of illegal taxes; in fact, the tax when levied (August, 1926) was not illegal because at that time the city had not acquired title (it is said to have been acquired by the city September 28, 1926) ; upon vesting of the title in the city the 40 feet became exempt from taxation and the treasurer had no authority to collect taxes on city property; under the conditions stated the payment by plaintiff was *in invitum;* this furnishes a firm foundation for an action for money had and received; and the case is ruled by *Fremont, E. & M. V. R. Co. v. Holt County,* 28 Neb. 742, 45 N. W. 163.

We think the case above cited is not in point and is not authority for the judgment entered by the trial court. The facts and law of that case are stated in the syllabus, which says: "Before the organization of Brown county it was attached to Holt county for election, judicial, and revenue purposes, and in June, 1883, Holt county levied taxes upon all property in Brown county. Before such taxes became due, however, viz., September, 1883, Brown county was duly organized and elected county officers and thereafter transacted county business at the county seat of the latter county, and the authority of Holt county over it wholly ceased. The taxes upon the plaintiff's property, however, were carried on its tax rolls, although a copy thereof of property in Brown county had been obtained by the duly elected officers of that county. When the taxes on the plaintiff's property became due they were paid to the treasurer of Holt county, who placed the same in the county treasury. In an

action to recover back such taxes, *held*, from the statement of facts in the petition, that the payment was made to a public officer under color of his office, but whose authority to collect the taxes in question had ceased, and that the money so paid could be recovered back."

In the instant case the city treasurer had authority to collect the taxes and it was his duty to collect them because they had beeen properly assessed and levied when plaintiff owned the whole property. By warrant of the duly authorized officer they had been certified to the treasurer and had been entered upon his books for payment. It was the duty of the plaintiff to pay the taxes under protest before he could sue to recover them back.

Section 77-1923, Comp. St. 1929, provides the method for recovery of a tax when "the property upon which it was levied was not liable to taxation." The party aggrieved may pay them under protest to the county treasurer or other authority and get a receipt "stating thereon that they were paid under protest, and the grounds of such protest, whether or not taxable or twice assessed, and taxes paid thereon." The statute also provides that, if "for any other reason except as hereinbefore set forth," a party claims a right to recover taxes paid, he must make written demand of the treasurer within thirty days as a condition precedent to recovery. If the plaintiff here proceeds upon any such provision of the statute, it has not pleaded any such demand or has made none except by the bringing of his suit more than three years after the tax was paid.

"Voluntary payments. That a tax or assessment voluntarily paid cannot be recovered back, the authorities generally agree. And it is immaterial in such a case that the tax or assessment has been illegally laid, or even that the law under which it was laid was unconstitutional. The principal is an ancient one in the common law, and is of general application. Every man is supposed to know the law, and if he voluntarily makes a payment which the law would not compel him to make, he cannot afterwards assign his ignorance of the law as a reason why the state should furnish

him with legal remedies to recover it back." 2 Cooley, Taxation (3d ed.) 1495.

"Mistake of fact can scarcely exist in such a case except in connection with negligence; as the illegalities which render such a demand a nullity must appear from the records, and the taxpayer is just as much bound to inform himself what the records show, or do not show, as are the public authorities." 2 Cooley, Taxation (3d ed.) 1498.

"When a voluntary payment is spoken of, the qualifying word is not used in its ordinary sense, and many payments are held to be voluntary which are made unwillingly and only as a choice of evils or of risks." 2 Cooley, Taxation (3d ed.) 1501.

See, also, *Dorland v. City of Humboldt,* 129 Neb. 477, 262 N. W. 22; *Black Bros. v. Logan County,* 100 Neb. 478, 160 N. W. 740; *Welton v. Merrick County,* 16 Neb. 83, 20 N. W. 111; *Foster v. Pierce County,* 15 Neb. 48, 17 N. W. 261.

We are of opinion the payment of the taxes by plaintiff was voluntary and that a decision is ruled by *Monteith v. Alpha High School District,* 125 Neb. 665, 251 N. W. 661. In that case the syllabus says:

"In the absence of statute, taxes voluntarily paid cannot be recovered back. When a tax imposed is illegal and unauthorized for any purpose, an original action may be brought to recover the tax only by virtue of statutory or constitutional authority. * * *

"One who seeks to avail himself of the statutory right to recover from a county or school district a tax voluntarily paid must show a substantial compliance with the statute."

The judgment of the trial court is reversed and the action dismissed.

REVERSED AND DISMISSED.