**CLYFFSIDE BREWING COMPANY v MILLER et**

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3233. Decided July 26, 1940.

Dunifon & Topper, Columbus, for plaintiff-appellant.

Thomas J. Herbert, Atty. Gen., Columbus, and Aubrey A. Wendt, Asst. Atty. Gen., Columbus, for defendant-appellee, Clarence Knisley.

**OPINION**

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment dismissing plaintiff's petition and assessing the costs against it.

The facts are before us on an agreed statement. The action is to recover the sum of one thousand twenty-nine dollars and thirty-six cents ($1029.36) which plaintiff paid to defendant, Clarence Knisley, who, at the time of the payment was the Treasurer of the State of Ohio, which payment it is claimed was collected without authority of law.

The case is well briefed by counsel for both parties and we have given it careful consideration.

We find among the papers the written decision of Judge Randall who tried the case upon waiver of a jury. This opinion cogently and correctly, in our judgment, announces the law which must control this case. It definitely reflects our opinion and nothing of value would be accomplished by a further extended recital at length of the facts, the authorities cited and the respective contentions of the parties.

If the sole test is whether or not the tax was paid under a mutual mistake

of law or of fact we are in agreement with the trial judge that the mistake in this case was of law, not of fact. Mistake of law has been defined as occurring where a party knows the state of the facts, but is ignorant of the legal consequences, 10 R. C. L. 295, or, mistaken opinion or information arising from an imperfect or incorrect exercise of the judgment upon the facts or they really are, 19 Am Jur. 71. Neither party in this case can be heard to say that he did not know the law, although, as a matter of fact neither actually knew that the section which required the payment of the tax had been repealed and that the repeal was effective for the period during which plaintiff seeks to receover in this case. The law imputes knowledge to one who has the means of knowledge.

However, the courts in more recent times have been liberal in granting equitable relief to a party who has suffered loss even under a mistake of law, if the equities are clearly with him. So that in our judgment the trend of authority at least outside of Ohio is toward the desideratum sought by the trial judge in his opinion. In 19 Am Jur., page 82, it is said:

"The distinction thus drawn between the mistakes of law and the mistakes of fact so far as equitable relief is concerned is said to be one of policy rather than principle." (We appreciate that this is an action at law, although, it is to be determined largely upon equitable principles). "While the rule as stated in the foregoing has been generally recognized, in certain exceptional cases relief has been granted, the basis of decision being the prevention of injustice or unconscionable advantage. Although deemed to be justified by considerations of public policy, the rule is admittedly a harsh one; and consequently there has been a tendency to limit its application by every exception which can be admitted without defeating its policy. The important question, it has been said, is not as to whether the mistake was one of law or one of fact but whether the case falls within the fundamental principles of equity that no one shall be allowed to enrich himself unjustly at the expense of another by reason of an innocent mistake of law or of fact entertained by both parties. Citing Benson v Bunting, 127 Cal. 532. Moreover, the courts of many states have departed from the rule which precludes the granting of relief from the consequences of a mistake of law, * * *. Citing Peter v Peter. 343, Ill. 493, 75 A. L. R. 890."

See Moore v Sweetwater, 2 Wyo. 3, Peterson v Stanley Co. (S. D.) 149 N. W. 422. As between the parties to this action the treasurer took no unconscionable advantage of the plaintiff nor put him under any compulsion. It would not be just nor equitable to require him to pay individually for the mistake of law which was mutual.

Nor are we able to make distinction between the principle announced in **State ex Pulscamp v Board of County Commissioners, 119 Oh St 504,** and the instant case. The condition of payment was the same in both cases. In both instances it was voluntary. In this situation the Supreme Court has held that the person who has paid illegal assessment or tax can not recover the amount so paid.

We recognize the equities which are to be found in plaintiff's position in this case and if the action could be between the plaintiff and the State of Ohio, a different situation would be presented. In making this last observation, we assume that at the time of the sale of the stamps and caps there was no authority to sell them for any purpose whatever. The record is not definite on this point and counsel were not in agreement on the matter at the time of oral presentation.

The judgment will be affirmed.

BARNES, J., concurs.
GEIGER, J., dissents.