FRANK B. SVOBODA, APPELLANT AND CROSS-APPELLEE, V. RAYMOND HAHN ET AL., APPELLEES AND CROSS-APPELLEES, KEITH COUNTY BANK AND TRUST COMPANY, A CORPORATION, INTERVENER-APPELLEE AND CROSS-APPELLANT.

241 N. W. 2d 499

Filed April 28, 1976. No. 40324.

Frank B. Svoboda and Firmin Q. Feltz, for appellant.

Patrick Hayes, for appellees.

Milton R. Larson and Maupin, Dent, Kay, Satterfield, Girard & Scritsmier, for intervener-appellee.

Heard before WHITE, C. J., BOSLAUGH, NEWTON, and CLINTON, JJ., and REAGAN, District Judge.

BOSLAUGH, J.

This is an action for a declaratory judgment to determine the validity of a resolution of the county board of Keith County, Nebraska, relating to a refund of taxes. The plaintiff is a citizen and taxpayer of Keith County, Nebraska, and is the former county attorney. The defendants are the members of the county board and the county treasurer. The intervener is the taxpayer which was seeking a refund of intangible taxes it had paid in 1965.

The controversy arose as a result of a provision in section 77-710, R. S. Supp., 1963, a part of the intangible tax law that has since been repealed. Section 77-710 provided in part: "For the purposes of assessment it shall not be permissible to deduct from the amount of capital stock the value of any United States government securities owned by such bank, * * *." For the year 1965, the intervener filed a return dated February 5, 1965, declaring the value of its capital stock to be $201,343.99, and paid an intangible tax in the amount of $805.38. If the intervener had deducted the value of United States government securities owned by it, its capital stock would have had a negative value for intangible tax purposes and there would have been no tax due.

On April 30, 1965, the Tax Commissioner advised all county assessors that the Attorney General had ruled that the provision in section 77-710, R. S. Supp., 1963, prohibiting banks from deducting governmental securities for tax purposes was unconstitutional. The intervener did not attempt to amend or change its return and paid the tax in full to the county treasurer on November 1, 1965. There was some conversation between Mel Adams, the president of the intervener, and an assistant county assessor concerning whether the intervener would be able to obtain a refund. Adams testified that he was assured the intervener would be able to obtain a refund. The intervener claims the tax was paid under protest.

After some time had elapsed and the tax had not been refunded, Adams talked to several of the county officials, including the plaintiff who was then the county attorney. Adams testified the plaintiff advised him that only the county commissioners could refund the tax. Adams then met with the county board and the board voted to refund the tax. According to Adams, the plaintiff then advised the commissioners they could not refund the tax so no record was made of the action of the board.

On July 2, 1971, the county board adopted the resolution which is the subject of this action. The resolution provides as follows: *"RESOLUTION*

"BE IT RESOLVED:

"That whereas Keith County, Nebraska, unlawfully assessed intangible personal property tax against the assets of the Keith County Bank and Trust Company of Ogallala, Nebraska, in the year 1965 in the amount of $805.00, and

"Whereas said $805.00 assessed in that year has not been returned or paid back to the said Keith County Bank and Trust Company of Ogallala, Nebraska, after request made in 1965, and

"Whereas the County Board of Commissioners of Keith County, Nebraska, desire to resolve this matter.

"Now therefore be it resolved:

"That the Keith County Bank and Trust Company of Ogallala, Nebraska, be allowed as a credit against their current and future personal property tax liability to Keith County, Nebraska, the sum of $805.00 plus interest or the aggregate sum of $1,187.29, PROVIDED, however, that the said Keith County Bank and Trust Company of Ogallala, Nebraska, shall pay up to a current status any and all personal property taxes due and owing to Keith County, Nebraska, in the event said amount allowed as a credit does not pay' for same, and that if the $1,187.29 should be in excess of the tax liability of the said Keith County Bank and Trust Company of Ogallala, Nebraska, to Keith County, Nebraska, for personal property taxes, then they should be allowed as a credit against their future personal property tax or real estate tax the amount, if any, by which the $1,187.29 exceeds their current personal property tax liability to Keith County, Nebraska.

"SO RESOLVED."

The plaintiff contends the resolution is illegal and void because it releases, discharges, and commutes taxes in violation of section 77-1737, R. R. S. 1943.

The authority of public officials to refund taxes is very limited. The Constitution of Nebraska prohibits the Legislature from enacting any law releasing or discharging any individual, corporation, or property from taxes levied for state or municipal purposes. Art. VIII, § 4, Constitution of Nebraska; State ex rel. Meyer v. Story, 173 Neb. 741, 114 N. W. 2d 769. Section 77-1737, R. R. S. 1943, provides no county board shall have the power to release, discharge, remit, or commute any portion of the taxes assessed or levied against any person or property within its jurisdiction for any reason whatever.

The right of a taxpayer to recover taxes that have

been paid is also very limited. In the absence of statute, taxes voluntarily paid cannot be recovered back. When a tax imposed is illegal and unauthorized for any purpose, an original action may be brought to recover the tax only by virtue of statutory or constitutional authority. Misle v. Miller, 176 Neb. 113, 125 N. W. 2d 512; Monteith v. Alpha High School Dist., 125 Neb. 665, 251 N. W. 661.

Generally, a tax is paid voluntarily when it is paid not under compulsion or without threat of seizure or sale of the property of the taxpayer to satisfy the tax in question. Monteith v. Alpha High School Dist., *supra*; Dixon County v. Beardshear, 38 Neb. 389, 56 N. W. 990. Mere protest alone is not enough to make the payment involuntary. 72 Am. Jur. 2d, State and Local Taxation, § 1082, p. 343. It is payment under compulsion or duress that makes the payment involuntary.

The payment of a tax before it becomes delinquent and its collection can be enforced by compulsory process is generally held to be voluntary. 72 Am. Jur. 2d, State and Local Taxation, § 1089, p. 350. In this case the intervener paid the tax on November 1, 1965, the day that it became due, and before any part of the tax was delinquent. The payment was clearly voluntary as a matter of law and the intervener had no right to recover the tax independent of the remedies provided by statute.

The Legislature has provided at least two remedies that the intervener could have pursued in this case. Section 77-1735, R. R. S. 1943, permits a taxpayer who claims a tax, or any part thereof, to be invalid for any reason to demand the same in writing from the county treasurer within 30 days after payment. If not refunded within 90 days thereafter the taxpayer may sue the county treasurer for the amount demanded.

Section 77-1734.01, R. R. S. 1943, permits a taxpayer to file with the county treasurer within 9 months after payment of the tax a written claim for refund of any

taxes paid as a result of a clerical error on the part of the taxpayer or the taxing officials.

Before a taxpayer can recover taxes under a statutory procedure he must substantially comply with the requirements of the statute. Monteith v. Alpha High School Dist., *supra.*

Both sections 77-1735 and 77-1734.01, R. R. S. 1943, require a written claim to be filed within the time specified after the tax has been paid. The trial court found the plaintiff had failed to prove the intervener had not filed a written claim with the county treasurer and, therefore, the resolution was not subject to collateral attack. The trial court found generally for the defendants and the intervener and dismissed the petition of the plaintiff.

The evidence does not show affirmatively whether a written claim was filed or not filed within the time required by statute. Adams testified that a written claim was not filed at the time the return was filed or at the time the tax was paid. The resolution itself recites only that the intervener made a request for a refund in 1965.

In passing on claims for a refund of taxes, a county board acts quasi-judicially. School Dist. of Minatare v. County of Scotts Bluff, 189 Neb. 395, 202 N. W. 2d 825. Although the resolution may have been irregular in form, in that it granted a credit against future taxes rather than approving a refund of the amount due the intervener, if the county board had jurisdiction the resolution is not now subject to collateral attack.

The plaintiff's entire case-in-chief consisted of the amended petition and a copy of the resolution attached to the petition as an exhibit. After offering the amended petition and the resolution the plaintiff rested. The plaintiff made no attempt to prove what the fact was in regard to whether the county board had before it a written claim for refund timely filed at the time the resolution was adopted.

A trial court has some discretion in deciding whether

to grant declaratory relief in a particular case. Blanco v. General Motors Acceptance Corp., 180 Neb. 365, 143 N. W. 2d 257; Custer P. P. Dist. v. Loup River P. P. Dist., 162 Neb. 300, 75 N. W. 2d 619. There is no absolute mandate that compels the District Court to exercise its jurisdiction to grant such relief.

In view of the state of the record in this case we believe it was within the discretion of the District Court to refuse declaratory relief. Where the party seeking declaratory relief chooses not to develop the full factual situation for the benefit of the trial court, the trial court may refuse to exercise its jurisdiction to grant declaratory relief.

The judgment of the District Court is affirmed.

AFFIRMED.