## JACKSON *vs.* THE CITY OF ATLANTA.

Where, by an official survey, made by a city engineer, certain property was included within the corporate limits, and the owner, without protest or objection, paid the municipal tax thereon, which was expended for the common benefit and protection of those who were

recognized as within the city limits, including such owner, he cannot recover the amount so paid, because, on a re-survey by a subsequent city engineer, the property was ascertained not to be within the corporate limits.

Taxes. Municipal corporations. Before Judge HILL-YER. Fulton Superior Court. April Term, 1878.

Reported in the decision.

JOHN B. GOODWIN, for plaintiff in error, cited as follows: Assessment out of jurisdiction void, 2 Dillon on Mun. Corp., §625; City Charter, 1874, §§2, 25. Tax paid under mistake, 2 Dillon on Mun. Corp., p. 858 and note. Void assessment, tax recoverable, *Ib.*, 860 and note.

W. T. NEWMAN, city attorney, for the defendant, cited 16 *Ga.*, 141; 53 *Ib.*, 304; City Code (1873), §88; Code, §4049.

WARNER, Chief Justice.

It appears from the record that Jackson sued the City of Atlanta in a justice court to recover back the sum of $40.00 for taxes alleged to have been erroneously collected from him by the city for the years 1873, 1874 and 1875. The justice rendered a judgment in favor of the plaintiff. The defendant brought the case before the superior court by writ of *certiorari*, when, upon the hearing thereof, the court sustained the *certiorari*, and reversed the judgment of the justice, whereupon Jackson, the plaintiff, excepted. It was shown by the evidence that, according to Cooper's map of the city, compiled and drawn from official surveys, and published by order of the mayor and council of the city of Atlanta, in 1868, the property of the plaintiff which was assessed and taxed, was within the corporate limits of the city, but that by a survey of the city, made by its present engineer, the property taxed, was outside of the city limits. The tax for the years 1873, 1874 and 1875, which is sought

to be recovered back, was voluntarily paid, without any protest or objection, and the question is whether, under the facts of the case, the tax so paid can now be recovered back from the city? Assuming that the last survey made by the city surveyor is more accurate than that made by Cooper (and there is no evidence in the record which would authorize us to do so), the plaintiff paid his tax to the city without objection or protest that his property was not subject to taxation by the city, and that tax having been paid into the city treasury, and expended for the common benefit and protection of those who were recognized as being within the limits of the city, including the plaintiff, he is not now entitled to recover it back from the city. See *Arnold & Dubose vs. The Ga. R. R. & B'k'g Co.*, 50 *Ga.*, 304.

Let the judgment of the court below sustaining the *certiorari*, be affirmed.