[No. 11800.   Department Two. — March 22, 1889.]

## J. B. H. COOPER, APPELLANT, v. C. G. CHAMBERLIN, RESPONDENT.

TAXATION — VOID ASSESSMENT — PAYMENT UNDER DURESS — ASSUMPSIT — PLEADING. — In an action to recover taxes alleged to have been paid to the tax collector under duress, to prevent a sale of real estate, if the complaint alleges facts showing that the assessment was void for want of a description sufficient to identify the land, and was raised by the board of equalization without notice to the plaintiff, it follows from such allegations that all the proceedings of the tax collector in the premises were void; that his threat to sell constituted no duress, and that the complaint does not state a cause of action.

APPEAL from a judgment of the Superior Court of Monterey County.

The facts are stated in the opinion of the court.

*William Matthews*, for Appellant.

The assessment was illegal. (Pol. Code, sec. 3650, subd. 2; *People* v. *Mahoney*, 55 Cal. 286; *San Francisco* v. *Quackenbush*, 53 Cal. 52; *People* v. *Cone*, 48 Cal. 429; *People* v. *Hyde*, 48 Cal. 431; *People* v. *Flint*, 39 Cal. 673, and cases there cited.) The tax collector had seized and advertised the real property of plaintiff for sale. The plaintiff, therefore, was compelled to pay the sum demanded, or permit the property to be sold, and the title to become clouded with a tax deed. The money was paid under duress, and the plaintiff was entitled to recover. (*Guy* v. *Washburn*, 23 Cal. 111; *Bank of Mendocino* v. *Chalfant*, 51 Cal. 369.)

*R. M. F. Soto*, and *Herrman & Soto*, for Respondent.

Since the property was not described so that it could be identified, as required by the Political Code, section 3650, subdivision 2, the assessment was void on its face, and no sale thereof could injure plaintiff. (Cooley on Taxation, 1st ed., pp. 282–289, and notes; *Atwell* v. *Zeluff*, 26 Mich. 118; *People* v. *Mahoney*, 55 Cal. 286; *Kelsey* v. *Abbott*, 13 Cal. 609–619; *Lake County* v. *S. B. Q. M. Co.*, 66 Cal. 22; *Garwood* v. *Hastings*, 38 Cal. 216–224; *Tallman* v. *White*, 2 N. Y. 66; *Yenda* v. *Wheeler*, 9 Tex. 408.) In point of law, there was no duress or coercion. The tax was void as an entirety on the face of the assessment roll. The payment, therefore, was purely voluntary, and the protest did not serve to detract from its character as such. (*The Sonoma County Tax Case*, 13 Fed. Rep. 789, and authorities cited; Cooley on Taxation, 1st ed., p. 542; *Wills* v. *Austin*, 53 Cal. 152–178; *De Baker* v. *Carillo*, 52 Cal. 473; *Bucknall* v. *Story*, 46 Cal. 589; 13 Am. Rep. 220; *Meek* v. *McClure*, 49 Cal. 623.) The illegality of the demand constitutes no ground of relief. (*Bucknall* v. *Story*, 46 Cal. 598; 13 Am. Rep. 220; *Brumagim* v. *Tilinghast*, 18 Cal. 271.)

SHARPSTEIN, J.—This action is to recover $2,742.99, paid by plaintiff to defendant, tax collector of Monterey County, for what plaintiff claims to have been unlawfully demanded for delinquent taxes.

The plaintiff alleges that he was the owner of certain tracts of land in said county, all of which are described in the complaint by metes and bounds, and proper designation.

For the fiscal year 1883–84 the assessor of said county undertook to assess and to list, and in form listed and set down, said land in an assessment-book, and valued the same in gross at $141,402.02. Said assessor undertook to levy against, and did in form charge, said property with a tax of $2,601.98. Afterward the board of supervisors of said county, sitting as a board of equalization, attempted to increase the valuation of said property, and did in form increase the same, by the sum of $20,972.98, making the total valuation thereof $162,393, and added to said pretended taxes the sum of $361, making the total of said alleged tax the said sum of $2,742.99.

It is alleged that said tax was illegal, because said property was not described in the assessment roll, as required by law, by township, range, section, or fractional section, of any congressional or other subdivision, or by metes and bounds, or other description sufficient to identify it; and the said order of the board of equalization was illegal because the same was made without legal notice to the plaintiff.

The defendant seized said property, advertised in a public journal that he would sell so much thereof as would be necessary to pay said tax and five per cent thereon, together with costs and charges, unless plaintiff, before the day fixed for said sale, paid said tax, percentage, charges, and costs. To prevent said sale, plaintiff paid said sum of $2,742 99, first filing his protest with defendant, in which he set forth that the whole of said

tax was unlawfully assessed and levied, because said land was not described in the assessment roll as the law requires, or other description sufficient to identify it, and that the increase of said assessment by the board as aforesaid was made without legal notice to the plaintiff, and he, at the same time, notified defendant that suit would be brought against him for said sum of money, unless the same was refunded.

No part of said sum has been paid to plaintiff. Defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, plaintiff declined to amend, and judgment was entered against him. The appeal is from the judgment. The case as presented by the complaint is, as we understand it, that the defendant levied upon and advertised property for sale for a delinquent tax, which had not been validly assessed, and that to prevent a sale plaintiff paid the amount of the tax demanded under protest, and brings this action to recover it back. The question is, whether the facts alleged sufficiently show that the sum paid was paid under duress. If not, the demurrer was properly sustained. According to the allegations of the complaint, the plaintiff's property was not assessed. It could not be assessed without being described, and the allegations of the complaint show that it was not described. Not being assessed, all the proceedings of the defendant in the premises were void, and his threat to sell constituted no duress. (*Wills* v. *Austin*, 53 Cal. 152; *Bucknall* v. *Story*, 46 Cal. 589; 13 Am. Rep. 220; *De Baker* v. *Carillo*, 52 Cal. 473; *Brumagim* v. *Tillinghast*, 18 Cal. 265.)

On the authority of these cases, the demurrer was properly sustained, and the judgment must be affirmed.

Judgment affirmed.

THORNTON, J., concurred.

McFARLAND, J., concurred in the judgment solely upon the authority of former decisions of this court.