[L. A. No. 394.   Department Two.—September 10, 1898.]

## SAN DIEGO LAND AND TOWN COMPANY, Appellant, v. LA PRESA SCHOOL DISTRICT etc., Respondent.

TAXES—SCHOOL DISTRICT—LOCATION OF PROPERTY ASSESSED—MISTAKE—VOLUNTARY PAYMENT.—A special school tax, assessed upon improvements described as a dam situated on a tract of land within the school district, the dam being in fact outside of the district, but the lake thereby formed being partly within the district on the tract described, after voluntary payment thereof by the owner, cannot be recovered back by him, on the alleged ground of a mistake of fact on his part as to the location of the property assessed.

ID.—"MISTAKE OF FACT"—NEGLECT OF DUTY BY OWNER.—A "mistake of fact" is defined in section 1577 of the Civil Code as one "not caused by the neglect of a legal duty on the part of the person making the mistake." The neglect of the legal duty of the owner of property to see that it is properly assessed, and that mistakes therein are corrected, precludes the existence of a "mistake of fact" on his part in a voluntary payment of the tax as assessed.

ID.—MEANS OF KNOWLEDGE—NOTICE OF DESCRIPTION IN ASSESSMENT. The law imputes knowledge of facts to one who has sufficient means of knowledge to put him upon inquiry; and an assessment of taxes is notice to the owner of the description of property therein contained.

ID.—AMBIGUOUS DESCRIPTION—MISTAKE NOT RELIEVED.—If the description in an assessment is so ambiguous that a mistake might reasonably be made in a voluntary payment of the tax, the court will not relieve against such mistake.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. George Puterbaugh, Judge.

The facts are stated in the opinion.

Works & Works, and Works, Works & Ingle, for Appellant.

Charles Wellborn, for Respondent.

CHIPMAN, C.—Action to recover five hundred and twenty-five dollars claimed to have been paid by plaintiff and received by defendant as special school tax under a mistake of fact. At the close of plaintiff's evidence the court gave judgment of non-

suit for defendant, from which and from an order denying motion for new trial plaintiff appeals.

It appeared from the evidence that "Sweetwater dam—that is, the masonry structure, the retaining wall—is not, nor has it ever been, within La Presa school district . . . . and is not on tract 'G,' Jamacha ranch." But it appeared that "a portion of tract 'G,' Jamacha ranch, is in the lake formed by Sweetwater dam, and is covered by the water of the lake." The description of the property given in the receipt is as follows: "Sweetwater dam on tract 'G,' Jamacha ranch." Under the head of values is: "Improvement, $75,000."

The general manager of plaintiff company testified that when the tax was paid he believed the property described in the receipts was inside La Presa school district; that it was the custom of the company to hand a statement of the company property to the county assessor, and probably it did so in this instance, but he didn't know.

The appeal is urged on the ground that money paid under a mistake of fact is recoverable back. (Citing *Indianapolis v. McAvoy*, 86 Ind. 587; *Strusburgh v. Mayor*, 87 N. Y. 452; *Woolley v. Staley*, 39 Ohio St. 354; *Diefenthaler v. Mayor*, 111 N. Y. 331.) It is claimed by defendant that there was in fact no mistake because the description "Sweetwater dam on tract 'G,' Jamacha ranch," had no reference to the masonry structure or retaining wall, but to that portion of tract "G," Jamacha ranch, which the evidence showed "is in the lake formed by Sweetwater dam and is covered by the lake," and which was owned by plaintiff. Plaintiff replies to this that the receipt shows that .the tax was for improvements, and that it is absurd to think that the taxing authorities could have believed that the reservoir above the school district line was an improvement to real estate in any sense of the term. We do not think it necessary to determine what the description includes or excludes. The evidence is, that the payment was made voluntarily and with full means of knowledge of the facts. The first payment was made in November, 1892, the next in April, 1893, the next in November, 1893, and the last in April, 1894, and it was after this last payment the manager of plaintiff company "was informed by a man in the employ of the company that the property was outside of the dis-

trict." The authorities are generally agreed that a tax voluntarily paid cannot be recovered back. Mr. Cooley says: "Every man is supposed to know the law, and, if he voluntarily makes a payment which the law would not compel him to make, he cannot afterward assign his ignorance of the law as the reason why the state should furnish him with remedies to recover it back. Especially is this the case when the officer receiving the money, who is chargeable with no more knowledge of the law than the party making payment, is not put on his guard by any warning or protest, and the money is paid over to the use of the public in apparent acquiescence in the justice of the exaction. Mistake of fact can scarcely exist in such a case except in connection with negligence—as the illegalities which render such a demand a nullity must appear from the records, and the taxpayer is just as much bound to inform himself what the records show, or do not show, as are the public authorities. The rule of law is a rule of sound policy also; it is a rule of quiet as well as of good faith, and precludes the courts being occupied in undoing the arrangements of parties which they have voluntarily made, and into which they have not been drawn by fraud or accident, or by any excusable ignorance of their legal rights and liabilities." (Cooley on Taxation, 809.)

Our code defines mistake of fact to be one "not caused by the neglect of a legal duty on the part of the person making the mistake." (Civ. Code, sec. 1577.) It is the legal duty, we think, of the owner of property to see that it is properly assessed, and ample provision is made for correcting mistakes in the roll or list.

The manager of the company did not testify that he paid the tax under mistake of fact, but that when the tax was paid he believed the property was inside the district. Conceding, however, that plaintiff made a mistake of fact in paying when it was not liable, the mistake was caused by its own neglect of duty, and, the payment being voluntary, the law will furnish no relief.

In 1858 the legislature of this state passed an act imposing a stamp tax upon shipments of gold out of the state. Stamps were placed on sale with the county treasurers. In *Brumagim v. Tillinghast*, 18 Cal. 265, 79 Am. Dec. 176, plaintiff sued the county treasurer of the city and county of San Francisco to

recover back money paid in the purchase of these stamps. The act was held to be unconstitutional and void. Recovery depended upon the character of the payment—whether voluntary or under compulsion or coercion. It was held that "the rule is well settled that moneys voluntarily paid upon claim of right, with full knowledge of all the facts, cannot be recovered back merely because the party at the time of payment was ignorant of or mistook the law as to his liability. The illegality of the demand paid constitutes of itself no ground for relief. . . . . It is the compulsion or coercion under which the party is supposed to act which gives him a right to relief. . . . . If he voluntarily pay an illegal demand knowing it to be illegal, he is entitled to no consideration; and if he voluntarily pay such demand in ignorance or misapprehension of the law respecting its validity, he is in no better position, for it would be against the highest policy to permit transactions to be opened upon grounds of this character." This case has been many times cited with approval. We can see no reason why the rule should be different, and we do not understand that it is different, where the mistake is one of fact, if the mistake is such that with ordinary diligence it could have been discovered. The law imputes knowledge to one who has the means of knowledge. The assessment was notice to plaintiff as to how its property was described. It had the means of knowledge and was put upon inquiry as to the facts. (Civ. Code, sec. 19.) It is not claimed that plaintiff owns no land in tract "G," Jamacha ranch. The description at most is ambiguous, and we think is such that plaintiff might reasonably have made the mistake claimed; in such case the court will not relieve. (Kerr on Mistake, 412.)

It was held in *Maxwell v. San Luis Obispo*, 71 Cal. 466, in an action to recover back an illegal tax, that the complaint must show affirmatively that the payment was not made voluntarily; and the fact must be proved, or there can be no recovery; for it was said, "all payments are supposed to be voluntary until the contrary appears."

In *Cooper v. Chamberlain*, 78 Cal. 450, the action was to recover back the money paid under protest upon an alleged assessment which failed to identify by proper description the plaintiff's property. It was conceded that the complaint showed

that plaintiff's property was not assessed because it was not described. It was held on demurrer that the proceedings of defendant in the premises were void and his threat to sell constituted no duress, and the payment under the circumstances was not recoverable because voluntary.

It was held in the case of *Indianapolis v. McAvoy, supra,* cited by plaintiff, that money paid under mistake of fact may be recovered, notwithstanding a negligent failure to use the means of knowledge. The case overruled *Lafayette etc. R. R. Co. v. Pattison,* 41 Ind. 312, where it was held "that the appellee had the means of knowing the location of her lots in respect to the city boundaries, and consequently she was not entitled to relief"; but in examining the rule there laid down the court in the later case intimated that the rule would apply "if the means of knowledge are present, or so easily accessible and convenient that the failure to use them would constitute negligence, and such negligence as under the circumstances ought to preclude relief."

In the case of *Jackson v. Atlanta,* 61 Ga. 228, plaintiff sued to recover back certain taxes collected by the defendant upon lots supposed to be within the city but on survey were found to be without its boundaries. The court said: "The plaintiff paid his tax to the city without objection or protest that his property was not subject to taxation by the city, and that the tax having been paid into the city treasury, and expended for the common benefit and protection of those who were recognized as being within the limits of the city, including the plaintiff, he is not now entitled to recover it back from the city."

Whatever may be the differences of opinion existing upon the question, we think the better rule is to deny relief in such cases as this.

The judgment and order should be affirmed.

Belcher, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.