No. 20,596.

J. N. WILSON, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ALLEN et al., *Appellees*, and THE BOARD OF EDUCATION OF THE CITY OF IOLA, *Appellant*.

SYLLABUS BY THE COURT.

TAXATION—*Illegal School Tax—Paid Without Protest—Cannot Be Recovered.* The payment of school taxes without protest and in the belief that the land constituted part of a school district comprising a city of the second class is a voluntary payment, and after the taxes have been paid over to the board of education and have been disbursed for school purposes it is too late for the landowner to maintain an action to recover them on the ground that the lands had been detached from the district in which they were assessed.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed January 6, 1917. Reversed.

*Charles H. Apt* and *Frederick G. Apt,* both of Iola, for the appellant.

The opinion of the court was delivered by

PORTER, J.: This action was brought by plaintiff to recover from Allen county certain taxes paid by him, which he claims were erroneously assessed against his land upon the theory or supposition that his land was included within school district No. 10, whereas in fact his land was a part of school district No. 9. Of its own motion, the court ordered the board of education of the city of Iola, a city of the second class, which controls district No. 10, made a defendant, and also ordered school district No. 9 brought in as a defendant. The plaintiff, however, filed no amendment to his petition, asked no judgment against the new defendants, and was satisfied to look to the county alone for reimbursement. After the court had overruled its demurrer to the petition the board of education of the city of Iola filed an answer denying liability.

The plaintiff purchased his land in 1910 and paid the school taxes assessed against it for that year and the following years to 1913, inclusive, supposing that the land comprised part of school district No. 10. From the evidence it appears that in 1907 the county school superintendent made an order detaching certain outlying territory including the land of plaintiff, from district No. 10 and attaching the same to district No. 9. The order was made upon a petition signed by resident taxpayers of the outlying territory. The superintendent testified that she duly notified the clerk of each district, that there was no appeal from her decision and that she furnished the county clerk a map prepared by the county surveyor showing the changes in the boundaries of the two districts. The school rate was higher in district No. 10 than it was in district No. 9. The trial court determined the proportion of taxes which should have been assessed and collected for school district No. 9 and awarded judgment in plaintiff's favor against the county in the sum of $81.33, and awarded judgment in favor of school district No. 9 against the county for the sum of $48.75. The court then rendered judgment against the board of education of the city of Iola in favor of the board of county commissioners for the amount of both

judgments and costs. This is the judgment appealed from by the board of education. No brief has been filed by any of the other parties.

Without considering or passing upon the validity of the order changing the boundaries of the two districts by the county superintendent, we think it is clear that the judgment against the board of education can not stand. The taxes were paid by the plaintiff without protest or suggestion of any claim that they were not legally assessed. They were voluntary payments. (*City of Atchison v. State, ex rel.*, 34 Kan. 379, 392, 8 Pac. 367, and cases cited in the opinion. As to involuntary payment of taxes, see *Ottawa University v. Stratton*, 85 Kan. 246, 256, 116 Pac. 892.)

After the plaintiff has made voluntary payments of taxes levied against his land and the taxes have been paid to the board of education, and expended by it for school purposes, it is too late for the plaintiff to maintain his action, or to recover from the board. The payment was voluntary in each instance notwithstanding it was made in the belief that the lands comprised a part of the school district in which they were assessed. It is incumbent on the landowner to know what school district his lands are a part of. The fact, as plaintiff alleges in his petition, that he was a resident of another county until 1913 furnishes no excuse for his failure to know. A different rule can not be established for non-residents from that which governs residents of the county.

For these reasons the judgment is reversed and the cause remanded with directions to render judgment in favor of the board of education and against plaintiff and the board of county commissioners for costs.