No. 20,697.

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WYANDOTTE et al., *Appellees*.

SYLLABUS BY THE COURT.

1. TAXATION—*Lands Used in Operation of Railroad—Assessable Only by Tax Commission*. Where a railroad company acquires land adjoining its right of way, which has been previously assessed and taxed by the local authorities, and builds thereon sidetracks which are used in the operation of the railroad, it becomes the duty of the officers of the railroad company to include such property in its next return to the tax commission, and it is also the duty of the tax commission to assess the same with other property of the railroad company.

2. SAME—*Previous Assessment by Local Authorities — Jurisdiction of Tax Commission*. The fact that the land had been assessed by the local authorities the year before, upon a valuation which under the law was

to be effective for a two-year period, did not prevent the property so used in the operation of the railroad from passing within the jurisdiction of the tax commission for the purposes of assessment and taxation.

3. SAME—*Land Converted to Railroad Uses—Assessed Annually.* Property so converted to railroad uses must be assessed annually by the tax commission whether or not the local authorities are notified of the new use to which it has been devoted.

4. SAME—*Injunction Against Collection of Local Tax.* Where such property is assessed and taxed by the local authorities after being rightly returned to and assessed by the tax commission the railroad company is entitled to an injunction against the collection of the local tax.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed November 10, 1917. Reversed.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Harlow Hurley,* all of Topeka, and *C. Angevine,* of Kansas City, for the appellant.

*H. J. Smith, Lee Judy, Thomas M. Van Cleave, E. S. Mc-Anany,* and *M. L. Alden,* all of Kansas City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action the Atchison, Topeka & Santa Fe Railway Company sought to enjoin the sale of certain land of the plaintiff, used in the operation of its railroad, for delinquent taxes levied under a local assessment. The plaintiff appeals from the judgment sustaining a demurrer to its evidence.

The land, which has been known as the Rex Mill property, has been owned by plaintiff since 1907, and until 1913 the company had paid the taxes upon it assessed by the local authorities, the assessment for the year 1912 and for several years prior thereto being on a valuation basis of $48,000 for the land and $232,000 for the improvements. The plaintiff removed the improvements in 1912 and in November of that year began laying tracks upon it, and thereafter listed the property with the state tax commission as property used for railroad purposes. On March 1 of 1913 the ground was occupied with railroad tracks, and although notified that the land was devoted to railroad uses, the local authorities again assessed the property as in previous years, with a reduction on

account of the removal of the improvements. The tax so levied under the local assessment, amounting to $868, was not paid by plaintiff, and the property was about to be sold by the county when this action was commenced.

When land is obtained by a railroad company and incorporated into its right of way, yards, terminals, stations and the like, and is actually used in the operation of the railroad, it is to be assessed by the state tax commission and not by the local authorities. The legislature has provided for the assessing and taxing of railroad property in a manner peculiar to itself, and under the statute, right of way, roadbed, stations and shops are assessed the same as locomotives, passenger cars, freight cars and other personal property. Under the law, property used in the operation of a railroad is to be assessed annually, substantially as ordinary personal property is assessed, and the returns are to be made by the officers of the railroad company to the state tax commission on or before the 20th day of March of each year. (Gen. Stat. 1915, §§ 11239, 11240.) Property owned by a railroad company and held as an investment for profit, and in no way connected with the use and operation of the railroad, is subject to assessment by the local authorities and not by the tax commission. When property, however acquired or previously held, is incorporated into the right of way or yards of a railroad or is otherwise devoted to the use and operation of a railroad, it becomes taxable by the tax commission and can not be assessed or taxed by local authorities. When tracks were laid over the land in question and it was used as part of the yards of the railway company it became the duty of the officers of the railway company to include it in its returns made to the tax commission on the following March. A single failure to make such returns would have made the railroad company liable to a penalty of not less than a thousand dollars. (Gen. Stat. 1915, § 11241.)

It is said that it had been assessed in 1912 and that it must be continued on the tax rolls of 1913 on the valuation of 1912. The fact that the land had been assessed by the local authorities in 1912, and that the assessment was for a two-year period, is no reason why it should not be assessed by the tax commission in March, 1913, if it was then a part of the railroad system and was actually used in the operation of the rail-

Railway Co. v. Wyandotte County.

road. When that condition arose the property passed within the jurisdiction of the tax commission, whether the local authorities were aware of the change or not. That tribunal makes an annual assessment.

It is contended that the change was not effective for want of notice to the local authorities. The returns are to be made to and the assessment made by the tax commission whether the local authorities have notice or not. However, notice was given to the county clerk and the county commissioners in the early part of 1913 that the property was then used in the operation of the railroad and had been returned to the tax commission for assessment and taxation. This was sufficient. A small part of the Rex property situated south of the right of way of the railroad had not been converted to railroad uses, and the railroad company notified the local authorities that this part was subject to local assessment, and the company stood ready to pay taxes on it based upon a local assessment. The apportionment could have been made by the local officers upon an equitable basis, but the failure to make it did not warrant a double taxation of that devoted to railroad uses, nor defeat an injunction against the collection of a tax based on the local assessment.

The remaining question is one of fact. Was the land in question used in operating the railroad in 1913? Testimony was offered by the railroad company to the effect that it cleared the ground in question and began laying tracks upon it in the fall of 1912, and that a number of tracks had been laid over it prior to March 1, 1913. No evidence to the contrary was produced.

The plaintiff is entitled to the injunction asked. The judgment of the district court is reversed and the cause remanded with directions to enter judgment in favor of the plaintiff.