## No. 27,106.

JOHN F. FISCHER, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF POTTAWATOMIE, *Appellee*.

### SYLLABUS BY THE COURT.

TAXATION—*Recovery of Tax Paid—Voluntary Payment by One in Possession Claiming Ownership*. One who is in possession of, and claims to own, real property, which claim of ownership is contested by another, the property being subject to taxation without regard to which claimant owns it, and who pays the taxes thereon without protest and in support of his claim of ownership, cannot maintain an action against the county to recover the taxes so paid after his claim of ownership has been adjudged against him, and after the county has used its portion of the taxes so collected and has made its disbursements of the remainder to the state and subdivisions thereof, for which the county acts as agent in collecting taxes.

Appeal from Pottawatomie district court; MARTIN A. BENDER, judge. Opinion filed February 12, 1927. Affirmed.

*Maurice Murphy*, of Topeka, for the appellant.
*W. F. Challis*, of Wamego, for the appellee.

Taxation, 37 Cyc. pp. 1177 n. 52, 1178 n. 54, 1179 n. 57.

The opinion of the court was delivered by

HARVEY, J.: This is an action to recover taxes paid. It was tried to the court. Judgment was rendered for defendant. Plaintiff has appealed.

There is but little controversy over the facts, which are substantially as follows: The plaintiff, and others who assigned to him their claims, own land adjoining the right of way of the Union Pacific Railroad Company in Pottawatomie county. They had a controversy with the railroad company as to the width of the right of way through their lands. The railroad company had fenced a strip 100 feet wide, but claimed that its right of way was 400 feet wide. Plaintiff, and his assignors, contested that claim. They claimed the land, outside of the fenced 100-foot strip, as parts of their respective farms. They had possession of the land so claimed, tilled or otherwise handled it as part of their respective farms, received the rents or profits therefrom, and paid the taxes thereon under such claim of ownership, and without protest for many years. This controversy was decided, so far as these lands were concerned, in favor of the railroad company and against plaintiff and his assignors, by a decision of the district court of Pottawatomie county in October, 1922. Up to that time (and for more than a year later), only the 100-foot strip for the railroad company right of way was deducted from the acreage of the land of plaintiff and his assignors for the purpose of taxation, the balance of the right of way being taxed to plaintiff and his assignors who were claiming it, as parts of their respective farms. In November, 1923, plaintiff, and his assignors, requested defendant to deduct, for taxation purposes, the balance of the acreage of the right of way from their respective farms. This was done. They also made claim for the taxes they respectively had paid upon such acreages for the years 1920, 1921, 1922, and for a refund, or reduction, for 1923. These claims were denied. They then presented an application to the state tax commission for an order on defendant for the return of such taxes. This order was made, so far as it applied to the 1923 taxes, but was refused as to the taxes for prior years, for the reason that, under the statute (R. S. 79-1702), the power of the commission in the correction of such errors ceases on August 1 of the year succeeding the year when the assessment was made and the taxes charged which are the basis of the tax

grievance. The defendant complied with this order and refunded the taxes of 1923.

The property of the Union Pacific Railroad Company was assessed each year here in question by the state tax commission as personal property, as provided by statute (R. S. 79-601 to 79-609), but the record does not disclose whether the state tax commission, in making such assessment, considered the right of way of the railroad company through the lands of plaintiff and his assignors to be 100 feet wide, as fenced and used by the railroad company, or 400 feet wide, as claimed by the railroad company. The railroad company each year here in question paid all taxes levied upon its property as assessed by the state tax commission.

The county clerk is required to make out all real estate assessment rolls that may be required for the several assessment districts in his county, and the statute (R. S. 79-408) requires "that in making said rolls for assessment he shall deduct the acreage of all lands used for railway right of way." The agreed facts in this case show that the county clerk had done just what the statute requires for the years here in question and prior thereto; that is, he had deducted from the acreage of the respective tracts constituting the farms of plaintiff and his assignors "all lands used" for the right of way; that is, the 100-foot strip fenced and used as such right of way. That is all he was required or authorized by the statute to deduct. There was a contest over the ownership of the remaining 300 feet, not fenced or used by the railroad company. Whether this land should have been assessed by the local assessor as real property, or by the tax commission as personal property, depended upon who owned it. Possibly it should have been assessed by the local assessor to the railroad company, if owned by it and not used in the operation of its railroad. (*Railroad Co. v. Wyandotte County*, 101 Kan. 618, 168 Pac. 687.) But we are not called upon to decide that question, and shall not do so. If the land belonged to plaintiff and his assignors, as claimed by them, the assessment of the land to them was proper. In any event, the assessment rolls for the years in question were made up by the county clerk, as required by statute. Plaintiff and his assignors evidently deemed it prudent on their part to pay the taxes each year upon the land claimed by them as against the rail- road company, in support of their claim of the ownership of such land, and they did so without protest.

The county acts in the collection of taxes not only for itself, but as agent for the state, cities, townships, school districts, and other municipal subdivisions of the state authorized to levy taxes. It retains for its own use only a part of the money collected, and disburses the remainder. It is inequitable to permit a person to pay to the county taxes, without protest and under a claim of ownership of the property taxed and the right and duty to pay taxes thereon, and long after the county has expended its own portion of the taxes collected and disbursed the remainder to the state and other tax levying subdivisions thereof, then to claim that the taxes should not have been assessed or collected. (37 Cyc. 1176, 1177; see *Phillips v. Jefferson Co.,* 5 Kan. 412.)

This is not a case of one paying taxes on land which was not subject to taxation. In this case the property was subject to taxation, whether it belonged to the railroad company or to plaintiff and his assignors. Here was a contest over the ownership of taxable property. Possibly both parties paid taxes on it in support of their respective claims of ownership. It is not clear that the railroad company paid taxes on it, for it is not clear that a 400-foot right of way was assessed to the railroad company. It is clear that plaintiff, and his assignors, paid taxes on the land the title to which was in controversy. Now, having lost in the controversy over the title to the land should they be permitted to recover from the county the taxes so paid? It seems clear they should not. The taxes were not paid under protest. No claim is made that the payment was made under duress or by reason of fraud. The payments were voluntary. Plaintiff, and his assignors, knew what they were doing, and wanted to do it. They knew the land, the title of which was in controversy, was assessed to them; they wanted it so assessed, and to pay the taxes thereon, in support of their claims of title. The county received the money so paid and used or disbursed it before any claim was made for its repayment. It cannot now be recovered. (*Wilson v. Allen County,* 99 Kan. 586, 162 Pac. 1158.) Some other questions are argued, but it will not be necessary to discuss them.

The judgment of the court below is affirmed.