No. 29,979.

Mike T. Judge, *Appellant*, v. The Board of County Commissioners of the County of Neosho et al., *Appellees.*

No. 29,980.

A. T. Winslow and Ruth A. Russell, *Appellants,* v. The Board of County Commissioners of the County of Neosho et al., *Appellees.*

(299 Pac. 597.)

Opinion filed June 6, 1931.

*S. L. Mathews,* of Kansas City, for the appellants.

*L. H. Cable* and *T. R. Evans,* both of Chanute, for the appellees.

The opinion of the court was delivered by

Smith, J.: These cases each comprise two causes of action. The first in each one is to recover a levee tax paid for 1927 and the second is to enjoin the collection of the same tax, but in a different amount for 1928. The allegations in both cases are precisely the same with the exception that in the Winslow case there is an averment that the annual assessment for levy repairs is limited to five per cent. The court below sustained a demurrer to the petition in each case. Plaintiffs appeal.

The petitions allege the ownership of certain land, describing it, in Neosho county. They allege that the county commissioners, without authority and without notice, directed the county clerk to extend upon the records the levy in question. They charge that the levee district was never organized or incorporated, and then allege that it was only partly organized, and set out in detail just what was done towards its organization. The petitions then further set out

certain steps that were not done that are required to be done by chapter 104 of the Laws of 1893 in the organization of the levee district.

In the Winslow case it is alleged that the levy was made in an amount much larger than five per cent of the value of the land in question, even though the commissioners knew that only five per cent could be levied under the statute. The petition further states that the amount levied is so much more than the income of the land that it is so unreasonable and unjust as to amount to confiscation of plaintiff's real estate. It further alleges that the levy was made without notice to plaintiff and without making any record of the levy. The petition then alleges that the payment of the tax for 1927 was made by mistake, and prays for a judgment for that amount.

In the second cause of action allegations of the first cause of action are made a part and an exhibit is attached, which is a part of the records of the county clerk. It is as follows:

"In the matter of assessments of levee districts for costs of repairs. Motion J. E. Casey, second by H. M. Lefever, that upon advice of the county attorney the county commissioners instruct the county clerk to extend on the tax rolls for 1928, as required by law, the full amount of outstanding indebtedness against all levee districts. Motion carried by unanimous vote."

The second cause of action then sets out the amount of the levy for 1928 and sets out the various omissions and irregularities in the organization of the district. It states that the district was organized on July 28, 1899, and that no notice was ever given of any construction work or repairs for which the levy is necessary, and alleges that the amount levied for 1928 would be so much that it would amount to a confiscation of plaintiff's property. This cause of action prays for an injunction enjoining the collection of the levee tax and for an order permitting plaintiffs to pay a regular and lawful tax on the real estate. To this petition the defendants demurred on the ground that the court had no jurisdiction of the subject; that the plaintiffs had no legal capacity to sue, and that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendants. There were allegations in the petition from which the lower court no doubt concluded, and from which we conclude, that this is a collateral attack upon at least a de facto municipal corporation which has been in existence since 1899. This court has held many times that this could

not be done. The leading case on this subject is probably *Oil and Gas Co. v. Board of Education,* 112 Kan. 737, 212 Pac. 900, where many of the cases decided by this court where this question is passed on are reviewed and approved. This rule is also followed by the court in *Railroad Co. v. Leavenworth County,* 89 Kan. 72, 130 Pac. 855. In both these cases an attempt was made to do what was attempted in the case at bar; that is, it was sought to enjoin the collection of taxes on the ground that the creation of a school district and of a drainage district had been irregularly carried out. In each case these suits were brought by a private party. The court held that the action should have been brought in the name of the state, either by the attorney-general or the county attorney. This seems so well established that it is not deemed necessary to cite further authorities on the question, and we conclude that the demurrer is good and should have been sustained on the ground that the plaintiffs in neither case had capacity to sue.

As to the first cause of action, where an attempt was made to collect the taxes that had been paid by mistake for 1927, the petitions in neither case allege that this payment was made under protest, and as far as the record shows it was a voluntary payment. This court has held many times that taxes paid voluntarily cannot be recovered by a person paying them, even though they were not regularly assessed. (*Wilson v. Allen County,* 99 Kan. 586, 162 Pac. 1158; *Fischer v. Pottawatomie County Comm'rs,* 122 Kan. 662, 252 Pac. 901.)

As to the claim in the Winslow case that the statute provides that an annual assessment for levee repairs is limited to five per cent, the brief of appellants refers to R. S. 24-407 and R. S. 24-422. An examination of these sections discloses that they apply to drainage districts, and there is no limitation in the statute under which this levy was made, that is, R. S. 24-810. There are other points raised and discussed in the briefs, but a decision of them is not deemed necessary to a decision in these cases.

The judgment of the lower court in both cases is affirmed.