### EDWARDS v. BOARD OF COMR'S OF OKLAHOMA COUNTY et al.

No. 25195.    Sept. 25, 1934.

Clarence Mills, for plaintiff in error.

Lewis R. Morris, Co. Atty., and B. C. Logsdon, Asst. Co. Atty., for defendants in error.

BUSBY, J. Plaintiff in error, R. J. Edwards, was plaintiff in the trial court and defendants in error, J. O. Crawford, county treasurer of Oklahoma county, Okla., Frank McCall, R. V. Carlson, and Fred Lowe, county commissioners of Oklahoma county, Okla., were defendants therein. For convenience the parties will be referred to herein as they appeared in the court below.

For his cause of action against the defendants, for which he prayed for personal judgment against each of them, plaintiff alleged, in substance, that he was the owner of certain real estate for the taxable years of 1929 and 1930 which was actually located in school district No. 37, Oklahoma county, and assessable in said district; that through wrongful assessment the said property was assessed as though the same were located in the Oklahoma City school district for said years; that the rate in the latter district was much higher than in former; and that as a result of said erroneous assessments he paid excessive taxes for the year 1929 in the sum of $188.73, and for the year 1930 in the sum of. $237.77. Both parties stipulated as to the truth of these facts.

This presents the single legal question: May a taxpayer recover taxes voluntarily paid under a mutual mistake of fact? The statutes prescribe no legal remedy in a situation of this character; they apply to erroneous and excessive assessments only. Plaintiff, therefore, urges his right to re cover "in equity and good conscience." The taxes were paid in 1930. The suit for recovery was brought in 1932, long after the taxes had been apportioned and spent by the school district.

Plaintiff contends (as set out in his brief) that:

"1. The plaintiff had no knowledge that he was paying excessive taxes at the time he did so.

"2. The county treasurer was only authorized to collect a sum of money representing the actual legal amount of taxes due on the property.

"3. The county treasurer, in making the statement and collecting the taxes that he did collect, and the plaintiff, in accepting the statements of the county treasurer, as to the amount of taxes due, and paying the county treasurer the amount so shown, were both acting in utmost good faith, under a belief that what they were doing was in accordance with the law and the facts.

"4. The county treasurer and the plaintiff were laboring under a mutual mistake of fact."

The evidence shows that plaintiff owned "150 to 200" tracts of real estate in Oklahoma county, and, particularly, property located in both school district No. 37 in Oklahoma county and the Oklahoma City school district. He had paid taxes in both districts. He had knowledge that the tax rate in Oklahoma City school district was much higher than in the other. Before paying the taxes in question, he prepared a long list of his taxable lands and submitted the same to the county treasurer with a request to fill in the amount of the "assessed value," and of the "taxes" due on each piece of property. This list was introduced as exhibit "one" at the time of the trial. Plaintiff had an opportunity to inspect and check the same for errors. Had he called the treasurer's attention to the error before payment, it would have been a simple matter to have had the same corrected. County officials are not infallible, and he was negligent himself in not checking his long list of property to determine whether or not there might be an error. Since he owned other property in school district 37, a careful check of his own exhibit "one" would have advised him of the error he complains of. As stated in the case of Levy Bros. v. Board of County Commissioners of Noble County, 101 Okla. 241, 225 P. 387:

"The county is not a warrantor of the accuracy of an assessment list as to value, nor does it guarantee correct action on the part of its officers."

The first and second syllabus paragraphs of that case read as follows:

"Money paid by a purchaser at a tax sale for taxable real property regularly assessed cannot be recovered merely for the reason that the property was listed as improved, when as a matter of fact it was vacant.

"Money voluntarily paid by the holder of a tax sale certificate for subsequent taxes on such property cannot be recovered in the absence of fraud or mistake in making such payment. The mistake in the listing of such real estate as improved property is not such a mistake as will warrant a recovery."

A situation very similar to the one in the case at bar is presented by the facts in the case of Wilson v. Board of Commissioners of Allen County et al. (Kan.) 162 P. 1158.

In that case Wilson owned land lying in school district No. 9, but it was assessed as lying in school district No. 10, school district No. 10 being the school district embracing the city of Iola, and the rate of tax in No. 10 was much higher than the rate in No. 9. Plaintiff paid his taxes at the rate of district No. 10, and upon discovering this error brought suit to recover the excess paid, as has been done in the case at bar. The Supreme Court of Kansas, in denying relief to the plaintiff in that case, used the following language in paragraph 1 of the syllabus:

"The payment of school taxes without protest and in the belief that the land constituted part of a school district comprising a city of the second class is a voluntary payment, and, after the taxes have been paid over to the board of education and have been disbursed for school purposes, it is too late for the landowner to maintain an action to recover them on the ground that the lands had been detached from the district in which they were assessed."

Another case very much in point is that of San Diego Land & Town Co. v. La Presa School District in San Diego County (Cal.) 54 P. 528; the syllabus states:

"Where property was assessed in a district in which it was not situate, and the owner, having the means of discovering the mistake, voluntarily paid the tax, he could not recover it back, as being paid under a mistake of fact, under Civ. Code, sec. 1577, defining a mistake of fact as one not caused by the neglect of a legal duty."

Plaintiff had ample time and means to discover and correct the errors complained of. The taxes have been disbursed and paid out. There are no superior equities in his favor, and the law will prevail. We hold that he cannot recover, and the judgment of the trial court is affirmed.

RILEY, C. J., and McNEILL, OSBORN, and WELCH, JJ., concur.