(No. 23957.—

H. M. CORNELL *et al.* Plaintiffs in Error, *vs.* THE BOARD OF EDUCATION FOR HIGH SCHOOL DISTRICT NO. 99, Defendant in Error.

*Opinion filed April 16, 1937—Rehearing denied June 2, 1937.*

WEIGHTSTILL WOODS, for plaintiffs in error.

WILLIAM E. HOOPER, and HERBERT A. GROTEFELD, (GEORGE P. FOSTER, of counsel,) for defendant in error.

Mr. JUSTICE SHAW delivered the opinion of the court:

By their complaint filed in the circuit court of DuPage county, plaintiffs (plaintiffs in error here) claimed they were the owners of certain real estate therein described,

and that through the regular DuPage county officers, they had paid to the defendant high school district various real estate taxes on these lands which they learned, in 1934, did not lie within the territorial area of the district. It was alleged that the school district never had authority to levy or collect the taxes in question, and that by reason thereof they had wrongfully received from the plaintiffs approximately $1000. It was the prayer of the complaint that this money be refunded to them on the theory that it was held by the school district for the use and benefit of the plaintiffs. A bill of particulars listed the various valuations and items of taxes paid from the years 1925 to 1930, inclusive. A motion to strike this complaint was sustained by the trial court and on appeal to the Appellate Court for the Second District, taken by the plaintiffs, that judgment has been affirmed. (286 Ill. App. 398.) Plaintiffs sue out this writ of error from this court seeking to review the judgment of the Appellate Court. A motion to dismiss this writ for want of jurisdiction is pending and has been taken with the case.

Section 75 of the Civil Practice act (State Bar Stat. 1935, p. 2448,) provides that appeals shall be taken directly to the Supreme Court in all cases in which a franchise or freehold, or the validity of a statute, or a construction of the constitution is involved, and in cases where the validity of a municipal ordinance is involved and in which the trial judge shall certify that in his opinion the public interest so requires, and in all cases relating to revenue, or in which the State is interested as a party or otherwise. Clause 2 of the same section provides that in all cases in which their jurisdiction is invoked pursuant to law, except those wherein appeals are specifically required by the constitution of the State to be allowed from the Appellate Courts to the Supreme Court, the judgments or decrees of the Appellate Courts shall be final, subject to certain exceptions as to the allowance of an appeal upon certificate of importance and

the allowance of an appeal upon application to this court for leave to appeal. Neither of these exceptions are involved in the present case, as there was no certificate of importance granted by the Appellate Court, nor any petition for leave to appeal filed in this court.

In the plaintiffs in error's original brief there is neither argument nor authority to sustain the jurisdiction of this court to entertain this writ of error, and in their reply brief the only case cited, as an additional citation after the brief was printed, is *Hallberg* v. *Goldblatt Bros.* 363 Ill. 25. In that case we referred to the rule laid down in *Bagdonas* v. *Liberty Land & Investment Co.* 309 Ill. 103, and in other cases, wherein we have held that if a judgment of the Appellate Court raises a constitutional question for the first time, then this court has jurisdiction to review that judgment by writ of error, pursuant to authority conferred by section 11 of article 6 of the constitution. The rule is not applicable to the case before us, because no constitutional question was raised in either the trial court or Appellate Court and the judgment of the Appellate Court has decided nothing more than the judgment of the trial court—*i. e.,* that the complaint failed to state a cause of action. On oral argument, and in his reply brief, counsel for plaintiffs in error has suggested that the opinion of the Appellate Court interjected a question of revenue into the case and that such action of the Appellate Court might give jurisdiction to this court, but that argument is also without merit. As above pointed out, the Appellate Court decided nothing more than the trial court, and that was that the complaint did not state facts showing the school district to be indebted to the plaintiffs.

The motion to dismiss the writ of error must be allowed.

*Writ of error dismissed.*